UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>         Plaintiff,<br><br>   vs.<br><br>BL WATERTOWN LLC.,<br><br>         Defendant. | CIV. NO. 24-00416 LEK-KJM |

**ORDER DISMISSING, WITHOUT PREJUDICE, PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO <u>PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On September 23, 2024, pro se Plaintiff Robert W. Johnson ("Johnson") filed a Complaint for Violation of Civil Rights ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1,[1] 2.] For the reasons set forth below, the Complaint is hereby dismissed without prejudice, and this Court will reserve ruling on the Application. In other words, Johnson will be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order, and this Court will rule on the Application if any portion of the amended

---

[1] The Complaint includes the name, contact information, and signature of Willie Johnson, Esq. <u>See</u> Complaint at § VI.B. However, there is no attorney named Willie Johnson authorized to practice in this district. Johnson is therefore assumed to be representing himself pro se.

complaint survives the screening process. Johnson's amended complaint must be filed by **[insert date 60 days after filing]**.

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[2] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.

---

[2] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

2

> 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted).

**DISCUSSION**

Johnson alleges that, on January 31, 2022, he slipped and suffered injuries at the Route 11 Seaway Shopping Center in Watertown, New York. [Complaint at §§ III.A-C.] Johnson alleges he "was discriminated against and denied medical benefits and other monetary awards for no reasons given." [Id. at § III.C.] BL Watertown LLC ("Defendant") is the only defendant named in the Complaint. See id. at § I.B. Johnson brings this action pursuant to Title 42 United States Code Section 1983, and he alleges Defendant discriminated against him and violated his civil rights, including his right to due process. See id. at §§ II.A, B.

The address that Johnson provides for himself is in Buffalo, New York, and he asserts Defendant's corporate office is in Syracuse, New York. See id. at §§ I.A, B.

I.  **Jurisdiction**

Title 28 United States Code Section 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because Johnson brings this action pursuant to Section 1983, subject matter jurisdiction exists. However, Johnson's Complaint fails to plead a basis for personal jurisdiction over Defendant. Cf. Fed. R. Civ. P. 12(b)(2)

(stating that the defense of "lack of personal jurisdiction" may be asserted in a motion).

The personal jurisdiction analysis in a case based on federal question jurisdiction is the same as the personal jurisdiction analysis in a case based on diversity jurisdiction, except that Fifth Amendment due process rights are implicated. See, e.g., Ballering v. All State Att'y Gens. & Lemon L. Dep'ts, CIV. NO. 20-00530 LEK-RT, 2021 WL 310031, at *4 (D. Hawai`i Jan. 29, 2021).

> The district court considers two factors before exercising personal jurisdiction over a nonresident defendant in a diversity of citizenship case: "(1) whether an applicable state rule or statute potentially confers jurisdiction over the defendant; and (2) whether assertion of such jurisdiction accords with constitutional principles of due process." Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984). "The jurisdictional inquiries under state law and federal due process merge into one analysis" when, as here, the state's long-arm statute is "co-extensive with federal due process requirements." Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). See Cowan v. First Ins. Co. of Hawaii, 61 Haw. 644, 649, 608 P.2d 394, 399 (1980) (Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, was adopted to expand the jurisdiction of Hawaii's courts to the extent permitted by the due process clause of the Fourteenth Amendment). Accordingly, personal jurisdiction over [the defendant] depends on federal due process requirements.
>
> The Due Process Clause protects a person's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471

5

> U.S. 462, 471–72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). The Due Process Clause requires that defendants have "certain minimum contacts with [Hawaii] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316, 66 S. Ct. 154; Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The minimum contacts required mean that the defendant must have purposefully availed itself of the privilege of conducting activities within the foreign jurisdiction, thereby invoking the benefits and protections of the foreign jurisdiction's laws. See Asahi Metal Indus. Co. v. Sup. Court of Cal., Solano County, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987). In applying Due Process Clause requirements, courts have created two jurisdictional concepts — general and specific jurisdiction.
>
> A court may exercise general jurisdiction over the defendant when the defendant is a resident or domiciliary of the forum state, or the defendant's contacts with the forum state are continuous, systematic, and substantial. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414–16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); Data Disc, 557 F.2d at 1287 . . . .
>
> Specific jurisdiction, on the other hand, may be found when the cause of action arises out of the defendant's contact or activities in the forum state. See Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991); Data Disc, 557 F.2d at 1287. . . .

Id. at *4-5 (alterations in Ballering) (some citations omitted).

    **A.**    **General Jurisdiction**

In order to invoke general jurisdiction, Johnson would be required to plead facts that, if proven, would establish that

Defendant either: 1) is a resident or domiciliary of the State of Hawai`i; or 2) has contacts with Hawai`i that are so "continuous, systematic, and substantial" that general jurisdiction is warranted. See Helicopteros, 466 U.S. at 416. Johnson's Complaint does not meet either of these standards. This Court therefore concludes that general jurisdiction does not exist in this case.

### B. Specific Jurisdiction

> [The Ninth Circuit] employ[s] a three-part test to determine if a defendant has sufficient minimum contacts to be subject to specific personal jurisdiction:
>
> > (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> >
> > (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> >
> > (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.
>
> Brayton Purcell [LLP v. Recordon & Recordon], 606 F.3d [1124,] 1128 [(9th Cir. 2010)] (internal quotation marks omitted). As [the plaintiff] bears the burden of establishing the district court's jurisdiction over [the defendant], it must satisfy the first two prongs. If it does so, then [the defendant] must come forward with a "'compelling case' that the exercise of jurisdiction would not be reasonable."

7

> CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

Washington Shoe Co. v. A-Z Sporting Goods, Inc., 704 F.3d 668, 672 (9th Cir. 2012) (footnote and some citations omitted).[3]

"Purposeful direction requires a defendant to have (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) causing harm that the defendant knows is likely to be suffered in the forum state." Lazar v. Kroncke, 862 F.3d 1186 (9th Cir. 2017) (brackets, citations, and internal quotation marks omitted). The factual allegations of the Complaint are insufficient to allow this Court to draw the reasonable inference that Defendant's alleged actions and omissions satisfy the purposeful direction test. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[3] In light of Walden v. Fiore, 571 U.S. 277 (2013), Brayton Purcell and Washington Shoe have been abrogated as to the "individualized targeting" theory. See Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1070 (9th Cir. 2017) ("Following Walden, we now hold that while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what Walden requires."). "A theory of individualized targeting alleges that a defendant 'engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" Id. at 1069 (quoting Washington Shoe, 704 F.3d at 675). The "individualized targeting" theory does not apply in this case because the Complaint does not allege Johnson is a Hawai`i resident.

accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)); id. ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

Further, the factual allegations of the Complaint are insufficient to allow this Court to draw the reasonable inference that: Defendant consummated a transaction with Hawai`i or a Hawai`i resident; Defendant purposefully availed itself of the privilege of conducting activities in Hawai`i; Johnson's claim arises out of or relates to Defendant's Hawai`i-related activities; nor that the exercise of personal jurisdiction over Defendant would be reasonable. See Brayton Purcell, 606 F.3d at 1128. This Court therefore concludes that Johnson's Complaint must be dismissed because this Court does not have personal jurisdiction over Defendant.

Although it appears unlikely that that Johnson can plead additional factual allegations that would support a reasonable inference that personal jurisdiction exists, because it is arguably possible for him to do so, Johnson must be given the opportunity to amend the Complaint to attempt to cure the defects. See Lucas, 66 F.3d at 248. Therefore, the dismissal of

the Complaint is without prejudice to the filing of an amended complaint.

## II. **Venue**

This Court also encourages Johnson to consider whether venue is proper in this district court. "Venue in federal courts is governed by statute." Spagnolo v. Clark Cnty., CIVIL NO. 15-00093 DKW-BMK, 2015 WL 7566672, at *2 (D. Hawai`i Nov. 24, 2015) (citing Leroy v. Great Western United Corp., 443 U.S. 173, 181 (1979)).[4] Title 28 United States Code Section 1391(b) states:

> A civil action may be brought in –
>
> (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"The plaintiff has the burden of showing that venue is proper in this district." Spagnolo, 2015 WL 7566672, at *2 (citing

---

[4] Leroy addressed an older version of 28 U.S.C. § 1391(b). See 443 U.S. at 179.

10

Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)).

If this Court ultimately determines that this case has been filed in an improper venue, this Court should either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406(a). "A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal." Rosiere v. United States, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2 (D. Hawai`i June 1, 2016) (citing King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992)).[5] In making that determination, this Court would consider the fact that Johnson has filed multiple actions in this district court that were dismissed based upon improper venue. See, e.g., Johnson v. Mossow, CV 24-00394 LEK-WRP, Order Dismissing, Without Leave to Amend, Plaintiff's Complaint for Violation of Civil Rights and Denying as Moot Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed 11/1/24 (dkt. no. 4); Johnson v. Wendys Rest., CV 24-00398 LEK-RT, Order Dismissing, Without Leave to Amend, Plaintiff's Complaint for Violation of Civil

---

[5] In Rosiere, the magistrate judge's report and recommendation was adopted, as modified on other grounds, by the district judge. 2016 WL 3440566 (June 20, 2016).

11

Rights and Denying as Moot Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed 11/1/24 (dkt. no. 4); <u>Johnson v. Syracuse Police Dep't</u>, CV 24-00444 LEK-KJM; Order Dismissing, Without Leave to Amend, Plaintiff's Complaint for Violation of Civil Rights and Denying as Moot Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed 11/4/24 (dkt. no. 4). Thus, if Johnson chooses to file an amended complaint, the amended complaint must include allegations showing that venue in the District of Hawai`i is proper.

### III. **Application**

Insofar as the Complaint has been dismissed without prejudice and with leave to amend, it is not appropriate to rule on the Application at this time. This Court will therefore reserve ruling on the Application until Johnson files an amended complaint. If any portion of Johnson's amended complaint survives the screening process, this Court will then rule upon the Application and address whether Johnson is entitled to proceed without prepaying fees and costs. This Court emphasizes that only a preliminary screening of the Complaint has been conducted. If Johnson's amended complaint alleges a basis for personal jurisdiction over Defendant, this Court will also screen the Complaint for other issues, including, but not limited to, whether the Johnson's claim was brought within the

applicable statute of limitations period, and whether Johnson's amended complaint pleads factual allegations supporting the elements of a Section 1983 claim.

## CONCLUSION

On the basis of the foregoing, Johnson's Complaint for Violation of Civil Rights, filed September 23, 2024, is HEREBY DISMISSED. The dismissal is WITHOUT PREJUDICE to the filing of an amended complaint that cures the defects identified in this Order. Johnson is GRANTED leave to file his amended complaint by **January 3, 2025**. The amended complaint must comply with the terms of this Order. The Clerk's Office is DIRECTED to send Johnson a copy of the following, with Johnson's copy of the instant Order: 1) the form Complaint for a Civil Case; and 2) the form Complaint for Violation of Civil Rights (Non-Prisoner).

In addition, the Court HEREBY RESERVES RULING on Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 23, 2024. If Johnson chooses to file an amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 4, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**ROBERT W. JOHNSON VS. BL WATERTOWN LLC; CV 24-00416 LEK-KJM; ORDER DISMISSING, WITHOUT PREJUDICE, PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**